UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5376 FMO (JPRx) | Date | September 17, 2021 |
|---|---|---|---|
| Title | Arthur Lange, et al. v. Ford Motor Company, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:     Attorney Present for Defendants:
None Present                        None Present

**Proceedings:** (In Chambers) Order Re: Motion to Remand

On January 5, 2021, Arthur Lange and Laura Lange (collectively, "plaintiffs"), filed a complaint ("Complaint") in the Los Angeles County Superior Court ("state court") against Ford Motor Company ("Ford") and Harvey M. Harper Company ("HMH"), asserting claims against Ford (1) for violations of the California Song-Beverly Consumer Warranty Act, ("Song-Beverly Act"), Cal. Civ. Code §§ 1790, et seq.; and (2) fraud by omission. (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1-2); (Dkt. 1-2, Exh. 1, Complaint at ¶¶ 14-49). Plaintiffs' claims arise out of their purchase of a 2017 F-350 vehicle ("subject vehicle") in July 2018, (Dkt. 1-2, Exh. 1, Complaint at ¶ 9), which they allege contained or developed defects that violated the express warranty issued with the subject vehicle, as well as the implied warranty of merchantability. (See id. at ¶¶ 8-36). Because defendant failed to repair the subject vehicle within 30 days, (id. at ¶ 21), plaintiffs "revoked acceptance of the [subject vehicle], and [] exercised a right to cancel the purchase." (Id. at ¶ 23). Plaintiffs seek, among other things, "the entire contract price." (Id.); (see id. at Prayer for Relief) (seeking rescission of contract).

After plaintiffs dismissed HMH, Ford removed the instant action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. (Dkt. 1, NOR at ¶¶ 1, 3). On August 20, 2021, plaintiffs filed a Motion to Remand, (Dkt. 12, "Motion"), asserting that Ford failed to show that the amount in controversy exceeds the jurisdictional threshold of $75,000. (See Dkt. 12-2, Plaintiffs' Memorandum of Points and Authorities [] ("Memo") at 1). Having reviewed the pleadings and the briefing filed with respect to plaintiffs' Motion, the court concludes as follows.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5376 FMO (JPRx) | Date | **September 17, 2021** |
|---|---|---|---|
| Title | **Arthur Lange, et al. v. Ford Motor Company, et al.** | | |

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33, 123 S.Ct. 366, 370 (2002); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (cleaned up).  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Plaintiffs contend that Ford has not shown that the amount in controversy exceeds the jurisdictional threshold of $75,000.  (See Dkt. 12-2, Memo at 5-14).  The court disagrees.  In connection with the NOR, Ford submitted the Retail Installment Sales Contract ("RISC"), which reflects a total sales price of $74,778.21.  (Dkt. 1, NOR at ¶ 10); (Dkt. 1-5, RISC at ECF 140).  Here plaintiffs seek "the entire contract price" for the subject vehicle.  (Dkt. 1-2, Exh. 1, Complaint at ¶ 23); (see id. at Prayer for Relief) (seeking rescission of contract).  No doubt attorney's fees would be more than $221.79.  (See id. at Prayer for Relief) (seeking reasonable attorneys' fees).  Thus, contrary to plaintiffs' contention, Ford has shown that the amount in controversy is at least $75,000.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that plaintiffs' Motion for Remand **(Document No. 12)** is **denied**.

Initials of Preparer      gga

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).